**UNITED STATES BAKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

IN RE: DELMAR WAYNE SHIFFLETT          CHAPTER 13
      TINA UTZ SHIFFLETT                     CASE NO. 13-61497

        Debtors
_____/
DELMAR WAYNE SHIFFLETT
TINA UTZ SHIFFLETT
Plaintiff,                                            Adversary Proceeding No.


V
CITIFINANCIAL, INC.

   Respondents,
_____/


**COMPLAINT TO DETERMINE**
**THE EXTENT AND VALIDITY OF A SECURED CLAIM**
**AND TO AVOID THE LIEN OF SAID CLAIMANT**

**TO THE HONORABLE REBECCA B. CONNELLY, U.S. BANKRUPTCY JUDGE**

COMES NOW the Debtors/Plaintiffs, by counsel, pursuant to 11 U.S.C. § 506, and they hereby file this Complaint to determine the extent and validity of a secured claim and to avoid a certain lien held by the Creditor/Defendant CITIFINANCIAL, INC., on certain real property owned by the Debtors/Plaintiffs, and in support thereof states to the Court as follows:

1. DELMAR WAYNE SHIFFLETT AND TINA UTZ SHIFFLETT (the "PLAINTIFF"), commenced the underlying bankruptcy case on July 23, 2013, by filing a voluntary petition for relief under Chapter 13 of title 11, United states Code.  This Court has jurisdiction over this action under 28 U.S.C. § 1334.  This proceeding is a core proceeding.

2. HERBERT BESKIN (the "TRUSTEE") was appointed as the Chapter 13 Trustee in the PLAINTIFFS' bankruptcy.

3. The PLAINTIFFS in their Chapter 13 Plan and in their Schedule A apprised the Court that they own certain real property located at 848 Longshot Lane Rochelle, VA 229738 (the "COLLATERAL"), which is more particularly described:

1

A copy of the Deed for the Property is attached hereto and incorporated herein by this reference as "EXHIBIT A".

The PLAINTIFFS granted a FIRST DEED OF TRUST to CITIFINANCIAL, INC., on which is owed the sum of approximately $248,869.00 as indicated on Schedule D   Please see "EXHIBIT B" attached hereto and by this reference is incorporated herein.

4. The PLAINTIFF also granted a SECOND DEED OF TRUST to CITIFINANCIAL, INC., to secure a loan in the principal sum of $72,799.65 and recorded on June 13, 2007 in The Clerk's Office of Madison County as instrument number 070001295(the "SECOND DEED OF TRUST") Please see "EXHIBIT C".

5. PLAINTIFF listed the COLLATERAL's value at $230,100.00 on Schedule A filed with the Court as part of their Chapter 13 petition.  Please see "EXHIBIT D" attached hereto and by this reference is incorporated herein.

6. PLAINTIFF'S valuation is consistent with the Real Estate Tax Assessment they obtained for the COLLATERAL indicating a value of $230,100.00. Please see "EXHIBIT E" attached hereto and by this reference is incorporated herein.

7. The SECOND DEED OF TRUST claim is wholly unsecured and is not an allowable secured claim under Bankruptcy Code Section 506 (a) because the value of the COLLATERAL is fully encumbered by and entirely subject to the superior 1st lien of CITIFINANCIAL, INC.  The SECOND DEED OF TRUST claim is a wholly unsecured claim under Section 506 (a), based on the PLAINTIFFS' valuation of $230,100.00.

8. As a wholly unsecured claim, the anti-modification provisions of Bankruptcy Code Section 1322 (b) (2) do not apply to the SECOND DEED OF TRUST claim.

9. To the extent that a lien purports to secure a claim against the Debtor that is not an allowed secured claim under Bankruptcy Code Section 506 (a), said claim is void under Bankruptcy Code Section 506 (d), unless certain limited exceptions are satisfied under that subsection.

10. Said lien of CITIFINANCIAL, INC is void under Bankruptcy Code Section 506 (d) because it purports to secure a claim against the PLAINTIFF that is not an allowed secured claim under 506 (a).

2

11. The DEBTORS/PLAINTIFFS further proposes that at or before the date of confirmation of the DEBTORS/PLAINTIFFS Chapter 13 plan, the DEBTORS/PLAINTIFFS counsel will submit to the Court for entry an Order voiding the CREDITOR/DEFENDANT'S lien, which Order would be separately recorded by the DEBTORS' counsel in The Clerk's Office of The County of Madison upon completion of the DEBTORS' Chapter 13 Plan and discharge.

WHEREFORE, the Debtors/Plaintiffs respectfully requests that the Court enter an Order determining the value of the collateral to be $230,100.00; declaring that the collateral is fully encumbered by the lien of CITIFINANCIAL, INC.; determining that the claim related to the SECOND DEED OF TRUST to CITIFINANCIAL, INC is wholly unsecured; order that the second lien, in the approximate amount of $72,799.65 and recorded on June 13, 2007 in The Clerk's Office Madison County as instrument number 070001295, that it be and is hereby avoided in its entirety, and that the underlying debt be treated as an unsecured claim to be paid pro rata with all other allowed unsecured claims in the Debtor's Chapter 13 case; requiring DEFENDANTS to take all necessary and appropriate to release said lien; and to award the Plaintiff such other and further relief, including reasonable costs incurred and attorney's fees earned and agreed to by the Debtor in conjunction with the preparation and adjudication of this Complaint, as is just and proper.

    Respectfully submitted,

    DELMAR WAYNE SHIFFLETT

    TINA UTZ SHIFFLETT

    /s/ Larry L Miller                                           .
        Counsel for Plaintiff


Dated: 08/13/2013

Larry L Miller P.C.
MILLER LAW GROUP, P.C.
1160 Pepsi Place, Suite 341
Charlottesville, VA 22901
Phone (434) 974-9776

3

**SERVICE LIST**

Serve:  CITIFINANCIAL, INC.
ATTENTION BECKY WALTON
2017 WOODBROOK COURT
CHARLOTTESVILLE, VA 22901

CITIFINANCIAL, INC.
P.O. BOX 17170
BALTIMORE, MD 21203

CITIFINANCIAL, INC.
P.O. BOX 183051
COLUMBUS,OH 43218-3051

ATLANTIC LAW GROUP, LLC.
P.O. BOX 2548
LEESBURG, VA 20177-2548

CITIFINANCIAL, INC.
REGISTERED AGENT
CT CORPORATION SYSTEM
4701 COX ROAD, SUITE 301
GLEN ALLEN, VA 23060

CITIFINANCIAL, INC.
300 SAINT PAUL PLACE
BALTIMORE, MD 21202